# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>TELLERICK LEJEWELL SIMON, JR.<br><br>_Defendant(s)_ | )<br>)<br>) Case No. 3:23-MJ-2035<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 5, 2023_____ in the county of _____Knox_____ in the _____Eastern_____ District of _____Tennessee_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with the intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(B). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Brandon Glover, KPD/DEA TFO
_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____02/06/2023_____

_____
Judge's signature

City and state: _____Knoxville, Tennessee_____

Jill E. McCook, U.S. Magistrate Judge
_Printed name and title_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AFFIDAVIT IN SUPPORT OF A ) | |
| CRIMINAL COMPLAINT AGAINST ) | Case No. 3:23-MJ-2035 |
| TELLERICK LEJEWELL SIMON, JR. ) | |
| FOR VIOLATIONS OF ) | |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) ) | |

## AFFIDAVIT IN SUPPORT OF A CRMINAL COMPLAINT

I, Brandon Glover, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), United States Department of Justice. I have been a TFO with the DEA since December 2022, and I am presently assigned to the Knoxville District Office. From March 2015 to September 2022, I was assigned as a TFO with the Federal Bureau of Investigation (FBI) in the Knoxville Field Division.

2. As an FBI TFO, I was assigned to the Appalachia High Intensity Drug Trafficking Area (HIDTA) Task Force for approximately four years. My primary duties and responsibilities as an FBI HIDTA TFO involved the investigation of violations of federal law, including the Controlled Substances Act as found in Title 21 of the United States Code. Additionally, I served as a TFO with the FBI Knoxville Safe Streets Task Force (SSTF) for approximately three years.

3. I am a sworn police officer for the City of Knoxville, Tennessee, and have been so employed since October 18, 2004. I am currently an Investigator with the Knoxville Police Department's (KPD) Organized Crime Unit (OCU) and have served in this capacity since approximately 2012.

1

4. During my tenure as a DEA and FBI Task Force Officer, and KPD Police Officer and Investigator, I have investigated numerous crimes including illegal narcotics trafficking, prescription drug fraud and forgery, gangs and organized crime, money laundering, burglary, robbery, kidnapping, fugitive violations, and weapons violations.

5. Also, through my tenure as a law enforcement officer, I have attended multiple training opportunities on topics such as interviewing and interrogation, narcotics identification and detection, lawful interception of communications, gang investigations, violent crime investigations, and identification of armed persons (this list is non-exhaustive, as the amount of training I have received both in the field and in a classroom setting is extensive). More specifically, I have conducted physical surveillance, executed search warrants, analyzed telephone and internet records, and arrested criminal suspects. I have also spoken to confidential human sources, suspects, defendants, witnesses, and other experienced investigators concerning the methods and practices of the criminal element. I have received training and have experience in interviewing and interrogation techniques, arrest procedures, evidence collection, search and seizure, search warrant applications, and various other crimes and investigative techniques.

6. I am an "Investigative or Law Enforcement Officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

7. This affidavit is being submitted in support of a criminal complaint seeking to charge TELLERICK LEJEWELL SIMON, JR. with possession with intent to

distribute controlled substances, namely cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(B).

8. The statements contained in this affidavit are based, in part, on information provided by officers with the Knoxville Police Department and other law enforcement officers; my training and years of investigative experience; my consultation with other experienced agents and officers; and my personal participation in this investigation.

9. Because this affidavit is being submitted for the limited purpose of supporting the issuance of a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to support the complaint.

10. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(l) and (b)(1)(B) were committed by TELLERICK LEJEWELL SIMON, JR.

## PROBABLE CAUSE

11. On February 5, 2023, Knoxville Police Department Sergeant Andrew Markham and Officer Caleb Burrell conducted a traffic stop of a black Mazda CX-5 for multiple traffic infractions near the Interstate 640 ramp from Western Avenue in Knoxville, Tennessee. The driver and sole occupant was TELLERICK LEJEWELL SIMON, JR.

12. Upon approaching the Mazda, KPD Sergeant Markham asked for SIMON's driver's license; SIMON began to hand his driver's license to the officer then pulled his driver's license away and drove off. SIMON drove approximately 500-1000 feet away from the initial area and stopped.

3

13. SIMON then got out of the vehicle and removed a large object that appeared to be a duffel bag from the passenger's side rear of his vehicle. SIMON fled to the nearby wood line with the large object in tow. While SIMON fled, his vehicle rolled into the nearby wood line and struck several trees before stopping.

14. Sergeant Markham and other KPD officers established a perimeter around the wood line and secured SIMON. Upon searching SIMON, authorities discovered $1,140 in U.S. currency. Near the area where SIMON retrieved the object from the rear passenger's side of his vehicle, Sergeant Markham found a brown, taped package on the ground. Upon searching the package, Sergeant Markham recovered approximately 2.6 kilograms of a white-powdery substance that later field-tested positive for cocaine.

15. In the wood line near where SIMON was arrested, officers found a black duffel bag, a small cardboard box, and SIMON's Tennessee identification. Inside the cardboard box, officers recovered approximately $35,020 in U.S. currency.

16. KPD officers then brought a K-9 unit to the scene. The K-9 unit conducted a free-air sniff of the area around SIMON's vehicle. The K-9 unit alerted to the presence of illegal narcotics inside SIMON's vehicle.

17. Based on the K-9 unit's positive alert, KPD officers searched SIMON's vehicle and recovered four cell phones in the front passenger's side compartment. Officers then transported SIMON to KPD's Organized Crime Unit office where SIMON was interviewed.

18. Before the interview, officers read SIMON his *Miranda* rights; SIMON agreed to be interviewed. SIMON admitted that he had sold a kilogram of cocaine and "fronted" another kilogram to an individual at an apartment complex in Knoxville,

4

Tennessee. SIMON stated that the U.S. currency that officers recovered constituted proceeds from SIMON's sale of the kilogram of cocaine.

19. A preliminary test on the recovered cocaine, a test that I and others in law enforcement know is accurate, revealed that the substance was, in fact, a cocaine base.

## CONCLUSION

20. For the reasons stated above, I submit that there is probable cause to believe that TELLERICK LEJEWELL SIMON, JR. knowingly and intentionally possessed with intent to distribute controlled substances, namely cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Respectfully submitted,

*[signature]*
BRANDON GLOVER
KPD/DEA TFO

Subscribed and sworn to before me on this
6th day of February 2023.

*[signature]*
JILL E. McCOOK
UNITED STATES MAGISTRATE JUDGE